1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: International Judicial Assistance in:<br><br>MARIA AGUSTINA TAGLE,<br><br>                              Plaintiff,<br><br>        v.<br><br>CONVIVIR S.A., ET AL.,<br><br>                              Defendants. | CASE NO.  21-mc-126-RSL<br><br>(EX PARTE) MOTION FOR APPOINTMENT OF COMMISSIONER PURSUANT TO 28 U.S.C. § 1782<br><br>NOTED FOR: December 22, 2021 |

## I.    INTRODUCTION AND RELIEF REQUESTED

The United States of America, by and through its attorneys of record, respectfully moves this Court for an order pursuant to 28 U.S.C. § 1782 appointing Assistant United States Attorney Nickolas Bohl as Commissioner for the purpose of obtaining information from Expedia ("Expedia"), who resides within the jurisdiction of this Court, pursuant to a Letter of Request issued by Mario José Miranda, Judge of 1st Instance of the Conciliation and Labor Court of 3rd Division, Sec. 5, First District, Cordoba, Argentina ("Letter of Request").  As discussed in further detail herein, the commission is sought only with respect to the information sought by the Letter of Request that is legally discoverable under United States statute.

1    The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,

2    23 U.S.T. 2555, reprinted in 28 U.S.C. § 1781, note.1 (hereinafter "Hague Evidence Convention")

3    provides a method by which evidence in one country may be obtained for litigation in another, and

4    mandates the appointment of a Commissioner to gather requested information in certain

5    circumstances.  The Hague Evidence Convention further provides that the country to whom the

6    request is directed may decline to enforce requests, or portions of requests, that fall outside the

7    authority of the judiciary.  As discussed below, a portion of the Letter of Request fits the

8    circumstances governed by the Hague Evidence Convention and the appointment of AUSA Bohl is

9    appropriate and necessary to fulfill its requirements.  Accordingly, the United States of America

10   respectfully requests that the Court issue an order appointing him as such a Commissioner in order to

11   obtain the legally permissible information that is sought.

12                                          **II.      FACTS**

13   As described in the attached Letter of Request, the Conciliation and Labor Court of 3rd

14   Division, Sec. 5, First District, Cordoba, Argentina is adjudicating a civil claim for compensation of

15   damages and losses.  The case is captioned *Maria Agustina Tagle v. Convivir S.A., et al.,* Ref No.

16   NO-2021-107317648.  To resolve this dispute, Mario José Miranda, Judge of 1st Instance of the

17   Conciliation and Labor Court of 3rd Division, Sec. 5, First District, Cordoba, Argentina, seeks

18   disclosure of information and supporting documentation so as to inform the registered data

19   concerning the account in the name of Convivir Departamentos, Property ID 34294446 (Convivir

20   S.A. CUIT 30-70703897-33) i.e., the data corresponding to the establishment manager and the user

21   "EXT-MariaAgustinaTagle.

22   Expedia is headquartered in Seattle, Washington in the United States of America.

23   Accordingly, Mario José Miranda, Judge of 1st Instance of the Conciliation and Labor Court of 3rd

24   Division issued a Letter of Request seeking judicial assistance to obtain documents.  *See*

25   Declaration of Nickolas Bohl ("Bohl Dec."), Exhibit A ("Letter of Request"), Exhibit B

26   ("Commissioner's Subpoena").

27

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 2
CASE NO.

1      The Letter of Request, at the direction of Judge Mario José Miranda, was transmitted to the

2 U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA"),

3 Washington, D.C. on November 5, 2021, pursuant to the Hague Evidence Convention and

4 28 C.F.R. § 0.49(a).

5      The OIJA then transmitted the Letter of Request to the U.S. Attorney's Office for the

6 Western District of Washington on November 22, 2021, for execution in accordance with

7 28 C.F.R. § 0.49(c).  In that transmission, the OIJA indicated that, based on previous experience,

8 Expedia requires a subpoena to release the requested information and instructed this office to

9 proceed directly with the § 1782 process.  Accordingly, we have filed this motion.

10 **III.    ARGUMENT**

11 **A.    The Hague Evidence Convention Provides Procedures for the Collection of Evidence for Foreign Litigation**

12

13      The Hague Evidence Convention affords each signatory nation the use of the judicial process

14 of other signatory nations, where such assistance is needed in civil or commercial matters, "to

15 facilitate the transmission and execution of Letters of Request and to further the accommodation of

16 the different methods which they use for this purpose."  Hague Evidence Convention pmbl.[1]  The

17 Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one

18 contracting state may request evidence located in another contracting state."  *Société Nationale*

19 *Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  The

20 Hague Evidence Convention is in force in both the United States and Argentina.  Hague Conference

21 on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of*

22 *Evidence Abroad in Civil or Commercial Matters*, available at

23 https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited December 21,

24 2021) (The Hague Evidence Convention entered into force in Argentina on July 7, 1987).

25 Article 10 of the Hague Evidence Convention provides that:

_____

26 [1] Under Article VI of the United States Constitution, treaty provisions, such as the Hague Evidence

27 Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971).

In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, Art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

**B.    This Court Has Authority to Compel Production of Evidence and Testimony Under the Hague Evidence Convention Pursuant to 28 U.S.C. § 1782**

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. This section states, in pertinent part:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); see also *Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention).  Section 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel*

1    *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  By this law, Congress intended

2    that the United States set an example to other nations by making judicial assistance generously

3    available.  See, e.g., *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*,

4    848 F.2d 1151, 1153-54 (11th Cir. 1988).  District courts have repeatedly appointed Assistant United

5    States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering

6    judicial assistance to foreign courts in response to a request for assistance.  *See, e.g., In re Clerici*,

7    481 F.3d 1324, 1327 (11th Cir. 2007).

8        This Court is authorized to provide assistance to a foreign tribunal if the three requirements

9    set forth in § 1782 are met.  Those requirements are: (1) the person or document for which discovery

10   is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a

11   foreign or international tribunal; and (3) the application is made "by a foreign or international

12   tribunal" or "any interested person."  *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order*

13   *Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein*

14   *Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also S.* Rep. No. 88-1580 at 2 (1964),

15   *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose

16   behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal

17   court aid to foreign tribunals).

18       Here, each of these threshold statutory requirements is easily met.  First, Expedia "resides or

19   is found in" the Western District of Washington because the company's offices are located in

20   Seattle, Washington.  *See* Exhibit A.  Second, the Letter of Request explains that the documents are

21   "for use in a proceeding before a foreign tribunal" as such documents are needed by the Conciliation

22   and Labor Court of 3rd Division Sec. 5 First District, Cordoba, Argentina, for review in adjudicating

23   this case.  *Id.*  Third, the Letter of Request itself also reflects that it "is made by a foreign or

24   international tribunal."  *Id.*

25       Submitted herewith is a proposed subpoena that this office intends to serve (in substantially

26   similar format) on Expedia should the Court grant the Application pursuant to 28 U.S.C. § 1782.

27   See Bohl Dec., Exhibit B (Proposed Subpoena).  Upon receipt of the requested information, the

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 5
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   documents will be sent to the Department of Justice, Civil Division, Office of International

2   Judicial Assistance for transmission to Mario José Miranda, Judge of 1st Instance, on behalf

3   of the Conciliation and Labor Court of 3rd Division, Sec. 5, First District Cordoba,

4   Argentina.

## IV.    CONCLUSION

6         For the foregoing reasons, the United States respectfully requests that the Court issue an

7   order appointing Assistant United States Attorney Nickolas Bohl as Commissioner for the purpose

8   of issuing a subpoena to execute the legally permissible portion of the request for international

9   judicial assistance.

10        Dated this 22nd day of December, 2021.

11

12                                      Respectfully submitted,

13                                      NICHOLAS W. BROWN
                                        Acting United States Attorney

14

15                                      s/ Nickolas Bohl
                                        _____
16                                      NICKOLAS BOHL, WSBA NO. 48978
                                        Assistant United States Attorney
17                                      United States Attorney's Office
                                        700 Stewart Street, Suite 5220
18                                      Seattle, Washington 98101-1271
                                        Phone:  206-553-7970
19                                      Fax:  206-553-4073
                                        Email: nickolas.bohl@usdoj.gov
20

21

22

23

24

25

26

27

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 6
CASE NO.